IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY BUNYARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-026 |
| | § | |
| MEMORIAL HERMANN HOSPITAL | § | |
| SYSTEM, d/b/a MEMORIAL HERMANN | § | |
| NORTHEAST HOSPITAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.   Introduction**

The plaintiff, Kelly Bunyard, is suing his former employer, Memorial Hermann Hospital System ("MHHS"), and Jerry Wyatt, the administrator of MHHS's Occupational Benefits Plan ("OBP"). The OBP is an ERISA plan. Bunyard filed this suit in the 296th Judicial District of Harris County, Texas. After he filed a second amended petition in the Texas court, the defendants removed on the basis of federal-question jurisdiction, asserting that the state-law claims were preempted by ERISA.

Bunyard's second amended petition alleges that MMHS's negligence caused him to sustain injuries while he was lifting a patient off a gurney in the course of his work as a nurse. (Docket Entry No. 1, Ex. 12, Plaintiff's Second Amended Original Petition, 2–5). Bunyard also alleges that MMHS breached its contract to provide him "certain benefits in the event [he] was injured while in the course and scope of his employment with [MMHS]," and that MMHS fired him for refusing to sign a covenant not to sue. (*Id.*, 5). As to Wyatt, Bunyard alleges that he tortiously interfered in the MMHS contract requiring benefit payments to employees injured on the job. Bunyard also alleges that Wyatt and MMHS conspired to deny him his benefits. MMHS and Wyatt respond that

Bunyard's benefits were terminated after it was determined that his injury was due to a preexisting condition and that he was fired after he refused to return to work when his leave expired.

Bunyard moved to remand to state court, (Docket Entry No. 7); the defendants responded, (Docket Entry No. 8); Bunyard replied, (Docket Entry No. 9); the defendants surreplied, (Docket Entry No. 10); Bunyard supplemented his motion, (Docket Entry No. 14); and the defendants responded to the supplement, (Docket Entry No. 15). In his motion to remand, Bunyard argues that while he did assert a breach of contract claim, it should not be a basis for federal jurisdiction because he is only seeking "nominal damages and the reasonable attorney's fees incurred in pursuing his breach of contract claim against [MHHS]." (Docket Entry No. 7, Motion to Remand, at 4). He links this claim to the assertion that the defendants did not timely produce documents relating to the OBP, preventing him from understanding that it was governed by ERISA, and that he had to expend unnecessary time because of the defendants' litigation tactics. Alternatively, Bunyard seeks leave to amend his complaint to remove the breach of contract claim if it is the basis for federal-question jurisdiction, so that the negligence claim can be remanded. Bunyard argues that he should be granted leave to amend because MHHS delayed producing the OBP during discovery in state court. The defendants respond that the amendment would be futile.

Based on the motion and responses and replies, the pleadings, and the applicable law, this court denies the motion to remand and denies the alternative motion for leave to amend. The reasons are explained below.

## II.     The Legal Standards

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the

burden of establishing that a state court suit is properly removable to federal court. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000). A civil action filed in state court is removable to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). Under the "well-pleaded complaint" rule, the plaintiff is generally entitled to remain in state court if the complaint does not affirmatively allege a federal claim on its face. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To support removal, a right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983)). An exception to the well-pleaded complaint rule allows removal if the case "falls within the narrow class of cases to which the doctrine of 'complete preemption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)), *cert. denied*, 546 U.S. 813 (2005). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Anderson*, 539 U.S. at 8.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Davila*, 542 U.S. at 208. There are two sections of ERISA that might operate to preempt a party's state law cause of action: § 514(a) and § 502(a). *See Woods v. Texas Aggregates, LLC*, 459 F.3d 600, 602 (5th Cir. 2006). Section 514(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. §

1444(a). The Supreme Court has stated that a law "relates to" an employee benefit plan and is preempted if it has a connection with or reference to the plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). This "purely semantic approach cannot be taken to its logical extreme, however." *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 244 (5th Cir. 1990). "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n.21. Accordingly, "the preemption clause of ERISA must be read in context with the Act as a whole, and with Congress's goal in creating an exclusive federal enclave for the regulation of benefit plans." *Memorial*, 904 F.3d at 244.

To determine whether a state law relates to a plan for purposes of ERISA preemption under §514(a), courts in the Fifth Circuit ask "'(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.'" *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 417 (5th Cir. 2008) (quoting *Woods*, 459 F.3d at 602); *see also Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994).

Section 502(a) of ERISA, the statute's civil-enforcement provision, provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a). This provision has "such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Pascack Valley Hosp.*, 388 F.3d at 399–400 (quoting *Davila*, 542 U.S. at 209). State-law actions within the scope of § 502(a) are

recharacterized as federal claims and are removable to federal court. *Pascack Valley Hosp.*, 388 F.3d at 399–400 (citations omitted); *Caterpillar*, *Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). The recharacterization of a plaintiffs state-law claims provides a basis for federal removal jurisdiction. *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999). A state-law claim that seeks to recover benefits due under an ERISA plan is generally preempted. *See Davila*, 542 U.S. at 210 ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).").

**III.  Analysis**

Bunyard's breach of contract, tortious interference, and civil conspiracy claims are preempted by ERISA. The basis of these claims is that MHHS and Wyatt refused to pay Bunyard benefits due under the ERISA Plan. Courts have recognized that claims based on an ERISA administrator's failure to pay a claim are preempted because these claims "duplicate [an] ERISA cause of action for benefits." *See Graham v. Metro. Life Ins. Co.*, 349 F. App'x 957, 960 n.4 (5th Cir. Oct. 22, 2009) (finding that the plaintiff's breach of contract and bad faith claim were preempted because they duplicated ERISA causes of action for benefits under 29 U.S.C. § 1132(a)(1)(B)); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, --- F. Supp. 2d ----, No. 4:10-cv-00096, 2011 WL 1229737, at *5 (E.D. Tex. Mar. 31, 2011) (finding that claims for breach of contract, *quantum meruit*, and deceptive trade practices based on a refusal to provide benefits under

an ERISA plan were preempted); *Gonzales v. Autozone, Inc.*, --- F. Supp. 2d ----, Civ. A. No. 4:09-4054, 2011 WL 837739, at *4 (S.D. Tex. Mar. 9, 2011) (finding that breach of contract claims based on a "failure to pay the [medical and wage loss] benefits promised under the ERISA plan" are preempted because the claims "explicitly address[] Plaintiff's right to receive benefits under the terms of the Plan and . . . affect[] the relationship between the employer, the Plan, and a beneficiary" (internal quotations omitted)). Bunyard's breach of contract, tortious interference, and civil conspiracy claims are preempted by ERISA and establish this court's federal question removal jurisdiction.

Bunyard cites the Northern District of Texas decision in *Quintana v. Lightner*, --- F. Supp. 2d ----, No. 3:10-CV-0571-G, 2011 WL 976773 (N.D. Tex. Mar. 21, 2011). In *Quintana*, the plaintiff's subrogation vendor, Ingenix, Inc., had sought reimbursement for ERISA benefits paid to the plaintiff for an automobile accident from the insurer of the other driver, State Farm Mutual Automobile Insurance Company. Ingenix disclosed the plaintiff's medical records to State Farm without his authorization. The plaintiff sued for HIPAA violations and violations of his right to privacy. *Id.* at *1. The defendants removed the case to federal court and the plaintiff moved for remand. The district court found that the plaintiff's privacy claim was not preempted because the plaintiff's claim involved neither a dispute as to "the amount of benefits received nor the Plan's right to reimbursement or subrogation," and instead arose from "alleged torts committed while Ingenix settled its subrogation claim with [State Farm]." *Id.* at *5.

*Quintana* is distinguishable. The state law pleading in that case asserted claims unrelated to any benefits due under an ERISA plan. The plaintiff in *Quintana* sued for the allegedly improper disclosure of his medical records. The court held that although the state law pleading had a

6

"peripheral" connection with the plan terms because the plaintiff alleged that the disclosure exceeded the authority granted in the plan, that was insufficient for preemption. *Id.* at *5. By contrast, Bunyard alleges that MMHS breached its contract to provide him "certain benefits in the event [he] was injured while in the course and scope of his employment with [MMHS]." (Docket Entry No. 1, Ex. 12, Plaintiff's Second Amended Original Petition, 5). Bunyard seeks damages for a breach of a contractual obligation under the OBP to pay benefits, for tortious interference with that contractual obligation to pay benefits, and for conspiracy to interfere with or deprive him of those benefits. The basis for these allegation is the OBP, an ERISA plan. Unlike the *Quintana* plaintiff, Bunyard's complaint does involve a dispute over whether benefits were due under an ERISA Plan. *Quintana* does not provide a basis to grant Bunyard's motion.

Bunyard's statements in his remand motion that he is advancing his state-law contract claim only to recover attorneys' fees do not support remand. The Supreme Court has directed federal courts to focus their remand inquiry on the face of the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The face of Bunyard's state court petition clearly states a claim under federal law. Remand is not appropriate.

Bunyard has also requested leave to amend his pleadings to remove the breach of contract claim if this court finds it to be preempted by ERISA. Other claims in the second amended complaint, including tortious interference and conspiracy, are also preempted. Moreover, the only reason for Bunyard's motion for leave to amend is to defeat federal jurisdiction. "After removal, a 'plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction.'" *Jackson v. Houston Independent Sch. Dist.*, Civ. A. No. H-09-

4138, 2010 WL 1948238, at *3 (S.D. Tex. May 12, 2010) (quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980)). "'The rule that a plaintiff cannot oust removal jurisdiction serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute.'" *Id.* (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985)). Because Bunyard's only reason for moving to amend is to support remand, the motion for leave to amend is also denied.

Bunyard argues that he should be granted leave to amend because he did not know that the OBP was an ERISA plan until two days after the defendants filed their notice of removal. He argues that the defendants did not produce the OBP before that date, despite his repeated requests for production, including a motion to compel production. He asserts that he only added the preempted claims to recover attorney's fees. The attachments to the parties' briefing shows that Bunyard filed suit in state court on March 12, 2010 and first amended his state-court petition on November 10, 2010. Both petitions alleged only negligence against MHHS. (Docket Entry No. 8, Ex 1, Original Petition; Ex. 2, First Amended Petition). The attachments also show that on July 29, 2010, Bunyard specifically requested from MHHS "[a]ny employee benefit plan and similar plans which ever covered Plaintiff during his employment," and that MHHS responded that the request would be met by August 31, 2010. (Docket Entry No. 9, Ex. E, MHHS Objection and Response to Bunyard's Request for Production No. 12). MHHS produced a summary of the OBP in October or November 2010. The plan summary is 41 pages long and makes clear that the plan is an ERISA plan. (Docket Entry No. 8, Ex. 4B, OBP Summary). MHHS also claims that Bunyard already had a copy of the OBP because it was provided to him during his employment at MHHS. Bunyard moved to compel production of the OBP and the court set a January 7, 2011 hearing. On December 23, 2010, Bunyard

amended his petition to include the preempted claims. The defendants filed their notice of removal on January 4, 2011 and provided Bunyard with a copy of the OBP on January 6, 2011. (Docket Entry No. 9, Ex. H).

At most, however, Bunyard has demonstrated that MHHS was dilatory in responding to discovery requests in state court. Bunyard has not cited cases supporting his argument that a defendant's state-court discovery practices are relevant to whether a state court pleading asserts a claim preempted by ERISA or whether the plaintiff should be granted leave to amend his complaint to defeat federal removal jurisdiction. And the parties' submissions show that Bunyard had received information that the OBP was an ERISA plan when he added the preempted claims. He knowingly risked removal when he added the preempted claims. MHHS's discovery practices in state court do not provide a basis to remand or to grant Bunyard leave to amend to defeat federal jurisdiction.

## IV. Conclusion

Bunyard's motion to remand, or alternatively for leave to amend his pleadings, (Docket Entry No. 7), is denied.

SIGNED on June 6, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge